UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RAY SCHRUBB,<br><br>        Petitioner,<br><br>    v.<br><br>SCOTT KERNAN,<br><br>        Respondent. | Case No. 1:18-cv-01195-JDP<br><br>ORDER DISMISSING PETITION FOR LACK OF JURISDICTION<br><br>ECF No. 1 |

Petitioner Kevin Ray Schrubb, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The parties have consented to the jurisdiction of a magistrate judge.[1] ECF No. 9, 10. Petitioner raises two claims: (1) ineffective assistance of counsel during his post-conviction Proposition 47 hearing, and (2) ineffective assistance of appellate counsel. The petition will be dismissed for lack of jurisdiction because success in petitioner's Proposition 47 proceedings would not necessarily have led to his immediate or accelerated release.

---

[1] Upon consent of the parties, magistrate judges in the Eastern District are "specially designated to conduct any and all proceedings in any civil action . . . and to order the entry of final judgments." E.D. Cal. R. 301; *see* 28 U.S.C. § 636(c)(1).

1

**I.     Background**

In 1989, petitioner pled guilty to one count of receiving stolen property, a felony under former California Penal Code § 496.1. He was sentenced to 16 months in Fresno County prison, served his sentence, and was released. *See* ECF No. 18 at 12; *People v. Schrubb*, No. 403687-7 (Fresno Co. S. Ct. Aug. 9, 1989). Nearly 25 years later, he was convicted of various crimes after participating in an armed robbery of a bank in Placer County. *See* ECF No. 18 at 12. He was sentenced to 340 years to life in 2003—a sentence that was later reduced to 133 years to life. *See id.* His armed robbery sentence incorporated an enhancement of at least five years under California's "three strikes law, " taking into account petitioner's 1989 conviction. *See* Cal. Pen. Code § 667.5; ECF No. 1 at 77.

On November 5, 2014, Proposition 47, which reclassifies certain felonies as misdemeanors, became law. *See* Cal. Pen. Code § 1170.18. Proposition 47 reduced certain theft offenses from felonies to misdemeanors in cases where the value of the property taken did not exceed $950. *See* Cal. Penal Code § 490.2(a); *People v. Buycks*, 422 P.3d 531, 535 (Cal. 2018). Proposition 47 permits some sentences to be recalculated and allows for certain sentence enhancements to be stricken. *See* Cal. Pen. Code § 1170.18. However, it does not allow for resentencing or lifting sentencing enhancements for convictions that were final when the initiative took effect. *See Buycks*, 422 P.3d at 539.

The judgment in petitioner's 1989 case became final 60 days after his appeal was denied—that is, on October 9, 1989. *See* ECF No. 1 at 52; ECF No. 17-3 at 10; *Buycks*, 422 P.3d at 536. On February 11, 2015, petitioner filed an application in the state superior court, seeking reclassification of his 1989 felony under Proposition 47. *See* ECF No. 25 at 18, 35; Cal. Penal Code § 1170.18(f). In his application, he stated that he had completed his sentence for the prior felony. *Id*. He did not seek, and he was not eligible for, resentencing or the removal of sentencing enhancements under Proposition 47.

Petitioner was appointed counsel for his reclassification hearing. ECF No. 1 at 22. He claims that his counsel did not contact him before the hearing, did not discuss the case with him at any time, and did not obtain a waiver of petitioner's personal appearance for the hearing. *Id*.

2

Petitioner's reclassification hearing took place on June 15, 2015, and counsel waived petitioner's appearance. According to petitioner, his counsel failed to present any evidence of a lesser value, even though petitioner bore the burden of proving that the value of the stolen property was less than $950. *See* Cal. Penal Code § 490.2(a); ECF No. 1 at 23. The judge ruled against petitioner and dismissed the case. *Id*. The appeals court affirmed and the state supreme court denied review.[2] ECF No. 17-8 at 2; ECF No. 17-10. Petitioner then filed three unsuccessful habeas petitions at the state superior, appellate, and supreme courts, all disputing his Proposition 47 denial. ECF No. 18 at 13-14. He now seeks federal habeas relief.

**II.     Discussion**

Under Rule 4 of the Rules Governing Section 2254 Cases, we must examine the habeas petition for easily identifiable defects. If it "plainly appears" that the petitioner is not entitled to relief, we must dismiss the petition. *See* Rules Governing Section 2254 Cases, Rule 4. Rule 4 was "designed to give courts an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). Because this petition fails on procedural grounds, we lack jurisdiction to consider it.

**A.     Scope of Petitioner's Claims**

Respondent suggests that petitioner is challenging the validity of his 1989 conviction. *See* ECF No. 18 at 19. Although such a challenge might be untimely, petitioner brings no such challenge. Neither does he challenge, as respondent contends, "[an] enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *See Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (citing 28 U.S.C. § 2254(a)); ECF No. 18 at 19. Petitioner pleaded guilty to his 1989 charge and does not dispute the validity of that plea in the instant petition. *See generally* ECF No. 1. Rather, he challenges the sufficiency of counsel he received at his 2015 Proposition 47 hearing and on his Proposition 47 hearing appeal. Our inquiry will be limited to those claims.

---

[2] In that appeal, petitioner's appellate counsel did not raise ineffective assistance of counsel at the Proposition 47 hearing as a ground for relief.

3

### B. Proposition 47 relief cannot lead to petitioner's earlier release

Under § 2254, a writ of habeas corpus is available to prisoners challenging the fact or duration of their confinement. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994). In contrast, if a favorable judgment for a petitioner would not "necessarily lead to his immediate or earlier release from confinement," this court lacks jurisdiction to consider the petition. *See Nettles v. Grounds*, 830 F.3d 922, 935-37 (9th Cir. 2016). Although "Proposition 47 is a measure designed to ameliorate punishment," and it "requires felony-based section 667.5 enhancements to be retroactively stricken," enhancements from judgments that were final at the time that the initiative took effect—November 5, 2014—are not eligible to be stricken. *See People v. Buycks*, 422 P.3d 531, 538-39 (Cal. Ct. App. 2018).

Here, petitioner has presented evidence that his current prison sentence of 133 years to life incorporated an enhancement based on his 1989 felony conviction. *See* ECF No. 1 at 77. This does not mean, however, that he was eligible for resentencing under Proposition 47. Petitioner's 1989 judgment became final in 1989—more than 20 years before the passage of Proposition 47—placing his sentence enhancement outside the reach of the new law. Success on petitioner's claim of ineffective assistance of counsel—or for that matter success at his Proposition 47 hearing—would not have led to immediate or in any way accelerated release. *See Nettles*, 830 F.3d at 922. Therefore, federal habeas relief is unavailable to him.[3]

### III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases

---

[3] Moreover, to the extent that Proposition 47 proceedings are post-conviction collateral proceedings, petitioner had no federal constitutional right to counsel for his Proposition 47 proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Where no constitutional right to counsel exists, there can be no claim of ineffective assistance of counsel. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Miller v. Keeney*, 882 F.2d 1428, 1432 (9th Cir. 1989) ("[T]he constitution cannot place any constraints on [a] lawyer's performance" if there is no right to counsel.).

requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find our decision debatable or conclude that the petition should proceed further. Thus, we decline to issue a certificate of appealability.

**IV.     Order**

The petition is dismissed for lack of jurisdiction. ECF No. 1.

IT IS SO ORDERED.

Dated:     February 18, 2020                              _____
                                                          UNITED STATES MAGISTRATE JUDGE

No. 206.